■ In the Matter of SALVATORE MOROCCO, Petitioner, v RAYMOND KELLY, as Police Commissioner of the City of New York, Respondent. [613 NYS2d 611] —Determination of respondent Commissioner of the New York City Police Department

("the Commissioner"), dated August 5, 1993, which, after a disciplinary hearing, dismissed the petitioner as an officer in the New York City Police Department based upon a finding that the petitioner was absent from his residence without permission while on sick leave and had wrongfully and without just cause entered and removed property from a facility known as Chapel Hill Estates, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Stephen G. Crane, J.], entered January 18, 1994) is dismissed, without costs.

We find that there was substantial evidence to support the Commissioner's determination, rendered after a full evidentiary hearing, finding the petitioner, a former New York City Police officer, guilty as charged of having been, on March 27, 1992, absent from his residence while on sick report without the permission of his District Surgeon and/or the Health Services Division Sick Desk Supervisor, and guilty as charged of having, on March 18, 1992, while off-duty, wrongfully and without permission or authority to do so entered and removed property from Chapel Hill Estates located in Peekskill, New York (see, Matter of Pell v Board of Educ., 34 NY2d 222, 231).

Nor was the penalty of dismissal imposed by the Commissioner so disproportionate to the offense, in light of all the circumstances, as to be shocking to one's sense of fairness, where, as here, the Department had proven that the petitioner took possession of property that did not belong to him under circumstances evidencing knowledge that he had no right to the items taken, and of abusing sick leave regulations, and where the petitioner's record revealed that in 1990 he had forfeited thirty vacation days and was placed on disciplinary probation for twelve months upon his pleas of guilty to similar charges of abusing sick leave regulations and making a false statement. Concur—Rosenberger, J. P., Kupferman, Ross, Nardelli and Tom, JJ.